THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| D'EWART REPRESENTATIVES, L.L.C., | CASE NO. C22-0802-JCC |
| Plaintiff, | ORDER |
| v. | |
| SEDIVER USA, INC., | |
| Defendant. | |

This matter comes before the Court on Defendant's motion to dismiss or, in the alternative, to transfer venue (Dkt. No. 19). Having thoroughly considered the parties' briefing and the relevant record, and finding oral argument unnecessary, the Court DENIES the motion for the reasons explained herein.

## I.   BACKGROUND

Plaintiff is an independent manufacturers' sales representative. (*See* Dkt. No. 1 at 1–2.) Defendant manufactures electrical insulation for power transmission and distribution lines. (*Id.* at 2.) The parties entered into a series of sales and marketing services agreements, whereby Plaintiff served as Defendant's Northwest regional sales representative. (*Id.*) On January 28, 2022, Defendant notified Plaintiff, in accordance with a termination provision in their agreement, that it intended to terminate the arrangement. (*Id.*) Both the current agreement and Defendant's notice are attached to the complaint and frequently referenced in it. (*See* Dkt. No. 1 at 11–33, 38;

*see generally id.* at 1–10.) For this reason, the Court will incorporate the agreement and notice for purposes of the instant motion.[1] Defendant's termination is the gravamen of Plaintiff's case.

Plaintiff contends that, while Defendant had a contractual right to do so, its resulting determination of commissions owed violated explicit and implicit agreement terms and the Washington Sales Representatives Act, RCW 49.48.150 *et seq*. ("Sales Act"). (*See generally* Dkt. No. 1.) At issue is Defendant's underpayment of commissions owed on certain sales and its failure to pay commissions on other sales. (*Id.* at 5–6.) Therefore, following termination, Plaintiff filed a diversity suit with this Court, asserting a common law breach of contract claim, along with a claim under Washington law predicated on Defendant's alleged violations of the Sales Act. (*Id.* at 5–9.) Defendant moves to dismiss. (*See generally* Dkt. No. 19.) In the alternative, it asks to transfer the matter to the Eastern District of Arkansas. (*Id.*)

## II. DISCUSSION

### A. Motion to Dismiss

A defendant may move to dismiss when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive such a motion, the plaintiff must cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).[2] Alternatively, the moving party may be entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

Defendant first contends that Plaintiff's assertions of underpaid commissions, as it relates at least to the Gateway South sale, are implausibly pleaded. (*See* Dkt. Nos. 19 at 10–14, 26 at 7–

---

[1] Neither party contests the incorporation of these documents into the complaint. (*See* Dkt. Nos. 19, 25, 26); *see also Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (applying the incorporation by reference doctrine).

[2] A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (internal quotations omitted). Although the Court must accept as true a complaint's well-pleaded facts, "conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

11, 14.) This is because the 1% commission determined by Defendant and indicated in its termination notice is consistent with the agreement's terms. (*Id.*) In support, Defendant points to Plaintiff's admission that Gateway South is an Engineering Procurement Construction sale. (*See* Dkt. No. 26 at 5 (citing Dkt. No. 25 at 12).) And Defendant asserts that, according to the agreement, Plaintiff is entitled to only a split commission on such a sale. (*See* Dkt. No. 19 at 12–14 (citing Dkt. No. 1 at 26–27).) But this is not so clear to the Court.

The split commission formula Defendant relies on depends, in turn, on territorial considerations. (*See* Dkt. No. 1 at 26–27.) Neither the complaint nor the agreement provides allegations supporting these considerations as it relates to the Gateway South sale (or any other). (*See generally* Dkt. No. 1.) Rather, Defendant determined that a 1% rate best captured the project's territorial implications. (*See* Dkt. No. 1 at 38.) And it now asks the Court to infer the same. (*See* Dkt. No. 19 at 11–14.) But it is black letter law that, at this stage, the Court must draw reasonable inferences *in Plaintiff's favor*. *See Vasquez v. L.A. Cnty.,* 487 F.3d 1246, 1249 (9th Cir. 2007). Defendant would ask the Court to do the opposite, which it cannot do on a Rule 12(b)(6) motion. *See Mack v. Amazon.com, Inc.*, 2023 WL 2538706, slip op. at 4 (W.D. Wash. 2023).

Defendant suggests none of this matters, given the "Principle of Remuneration" provided in the agreement. (*See* Dkt. No. 26 at 10 (citing Dkt. No. 1 at 27).) That provision indicates that Defendant may unilaterally determine the applicable commission rate. (*Id.*) That being said, as Plaintiff points out, the complaint alleges Defendant is subject to an implied duty of good faith and fair dealing. (*See* Dkt. No. 25 at 9, 12.) If true, such a duty would apply to all provisions within the agreement, *including this one*. And Plaintiff alleges Defendant violated this duty. (*See* Dkt. No. 1 at 6.)

Defendant next contends that any assertions regarding Defendant's failure to pay commissions for sales *other* than Gateway South are inadequately pleaded because they were threadbare and formulaic. (*See* Dkt. No. 26 at 7–8.) While not necessary to dispose of

1  Defendant's motion, give the discussion above, the Court will, nevertheless, address this

2  argument. The Court agrees Plaintiff's allegations on this contention are minimal. (*See* Dkt. No.

3  1 at 5.) Nevertheless, they are sufficient to put Defendant on notice pursuant to Rule 8, and in

4  light of the specific assertions regarding the Gateway South sale, that Plaintiff's complaint is

5  about more than this project. A complaint need not contain "'detailed factual allegations'" for

6  each and every alleged misdeed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

7  *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). It need only provide sufficient allegations to "state

8  the requisite legal elements" of each claim and no more. *Corbis Corp. v. Integrity Wealth Mgmt.,*

9  *Inc.*, 2009 WL 3835976, slip op. at 2 (W.D. Wash. 2009). The complaint meets this standard.

10  Defendant also argues that Plaintiff's statutory claim is inadequately pleaded because it

11  fails to plausibly allege that the Sales Act could even apply to these facts. (Dkt. No. 19 at 14–15.)

12  This is because, according to Defendant, the parties' sales relationship was not a wholesale one.

13  (*Id.*) And only wholesale sales are implicated by the Sales Act. (*Id.* (citing RCW 49.48.150 *et*

14  *seq.*).) This argument ignores allegations contained in the complaint and the agreement's plain

15  terms.[3] It is based on nothing more than Defendant's version of the facts here, which, again, is

16  not appropriate in a Rule 12(b)(6) motion.

17  In a final salvo, Defendant asserts that the parties' latest agreement predates the Sales

18  Act's effective date, at least as it relates to provisions relied on here. (Dkt. No. 19 at 15–16.) As

19  such, a claim based on the relevant Sales Act provisions fail as a matter of law. (*See id.*) The

20  Court agrees that the complaint is not as clear as it could be on this issue. It provides that the

21  parties' most recent agreement was "dated as of August 8, 2019." (Dkt. No. 1 at 2.) This

22  comports with what the agreement describes as its "execution date." (*Id.* at 23.) But Plaintiff

23  signed the agreement, at least the copy attached to the complaint, on September 20, 2020, (*id.*),

24

25  _____

26  [3] According to the complaint, Plaintiff solicited orders on Defendant's behalf "to customers who purchase the product for resale." (Dkt. No. 1 at 7.) And according to the agreement, Plaintiff had exclusive rights to sell Defendant's products to "businesses selling the products," "electrical distributors" and to customers "through intermediaries." (*See id.* at 24, 26.)

and this *postdates* the relevant provisions' effective date. *See* Wash. H.R. 66th Leg., Chapter 84, H.B. No. 2474, 2020 Reg. Sess. (Wash. 2020). Nor is it entirely clear what the agreement's underline(effective date), *i.e.*, the controlling date, is. Therefore, the Court considers this an issue of fact not resolvable through a Rule 12(b)(6) motion. *See, e.g.*, *Pierce v. NovaStar Mortg., Inc.*, 422 F. Supp. 2d 1230, 1236 (W.D. 2006) (discussing issues of fact not appropriate for a Rule 12(b)(6) motion); *Ramgen Power Sys. LLC v. Agilis Engr. Inc*, 2013 WL 12120456, slip op. at 2 (W.D. Wash. 2013) (same).

### B.    Motion to transfer

Absent dismissal, Defendant seeks a transfer to the District Court for the Eastern District of Arkansas pursuant to 28 U.S.C. § 1404(a).[4] Defendant relies on what it describes as a "forum selection clause" in the parties' agreement. (*See* Dkt. No. 19 at 16–19.) If that clause is what Defendant says it is, it is a badly worded one. It indicates that "jurisdiction and venue in the courts governing Arkansas *shall be appropriate* for any and all matters and disputes arising [under the agreement]." (Dkt. No. 1 at 21 (emphasis added).) In the Court's view, this is permissive—not restrictive. It provides that an Arkansas court *may* be used—not *must* be used.

The parties knew how to draft restrictive language. They did so earlier in that same paragraph, when they indicated that Arkansas law "*shall govern* the construction of this Agreement." (Dkt. No. 1 at 21.) That choice of law clause did not say that Arkansas law *shall be appropriate in governing* the agreement's construction, but that it "shall govern." (*Id.*) For this reason, the Court finds Defendant's position untenable.[5]

---

[4] Defendant also moves for dismissal under Federal Rule of Civil Procedure 12(b)(3), which the Court rejects. Venue is adequately pleaded. According to the complaint, (*see generally* Dkt. No. 1), a substantial part of the events giving rise to the action occurred in this District. *See* 28 U.S.C. § 1391.

[5] Nor are the cases that Defendant cites in reply on this issue, (*see* Dkt. No. 26 at 15), relevant, as they are distinguishable. Each applies a forum selection clause indicating that a particular forum shall be "***the*** appropriate venue." *See Denison Powerlifting Inc. v. Layne*, 2021 WL 3721454, slip op. at 2 (C.D. Cal. 2021) (emphasis added); *Samain v. Advent Prod. Dev.*,

**III.**     **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss or, in the alternative, to transfer (Dkt. No. 19) is DENIED.

DATED this 22nd day of March 2023.

*John C. Coughenour*
_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

2008 WL 4501497, slip op. at 2 (C.D. Cal. 2008) (emphasis added). The provision here lacks this critical qualifier.