UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| D'EWART REPRESENTATIVES, L.L.C.,<br><br>                    Plaintiff,<br>     v.<br><br>SEDIVER USA, INC.,<br><br>                    Defendant. | CASE NO. 2:22-cv-00802-LK<br><br>ORDER GRANTING MOTION TO AMEND COMPLAINT |

    This matter comes before the Court on Plaintiff D'Ewart Representatives, LLC's motion to amend its complaint. Dkt. No. 36. D'Ewart seeks leave to file an amended complaint "in order to (i) attach the complete and correct written Agency Agreement between D'Ewart and Defendant Sediver USA, Inc. ('Sediver'), and (ii) set forth relevant allegations establishing that the Agency Agreement was entered into in September 2020." *Id.* at 2. Sediver has not responded to the motion, which the Court construes as an admission that it has merit. LCR 7(b)(2).

    The deadline for amended pleadings was July 14, 2023. Dkt. No. 35 at 1. Although Local Civil Rule 7(j) requires that motions be filed "sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline," D'Ewart did not move to amend its complaint

ORDER GRANTING MOTION TO AMEND COMPLAINT - 1

until the July 14 deadline, making the noting date August 4, 2023. Thus, the applicable standard here is not limited to Federal Rule of Civil Procedure 15(a); Rule 16(b) is also implicated. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). D'Ewart has not explained why it took over a year to "determine[e] that the Agency Agreement attached to the Complaint did not include the completed, agreed-upon copy of Schedule A.2." Dkt. No. 36 at 5.

Nevertheless, in light of Sediver's non-opposition to D'Ewart's motion and the fact that this case is still in the early stages of litigation, the Court GRANTS D'Ewart's motion to amend its complaint. Dkt. No. 36. The Court cautions D'Ewart that it expects strict adherence to the Local Rules, the Federal Rules of Civil Procedure, and all deadlines. D'Ewart is directed to file a clean copy of its proposed amended complaint within seven days of the date of this Order.

Dated this 4th day of August, 2023.

*Lauren King*
Lauren King
United States District Judge